{¶ 22} I respectfully dissent.
 {¶ 23} When this case first came to us, we noted that the trial court never entered a finding of guilty in its journal on the charge of driving under the influence. I would have dismissed the appeal. The majority of the panel felt otherwise, however, and remanded the case for the purpose of allowing the trial court to file an amended journal entry, nunc pro tunc, that makes the finding of guilty that the trial court appears from the trial transcript to be what it intended to make. I dissented from this decision, as follows:
 {¶ 24} "I respectfully dissent.
 {¶ 25} "To allow a nunc pro tunc entry to be filed over one year and five months after the incomplete entry was filed makes a mockery of Sup.R. 7, which states that the judgment entry specified in Crim.R. 32 `shall be filed within thirty days of the verdict, decree, or decision.' I would find that this defendant's due process rights have been violated by allowing such a grossly belated judgment entry. This appeal should be dismissed and Mr. Clark's sentences should be vacated."
 {¶ 26} The Ohio Supreme Court has recognized the necessity of a journal entry in a criminal docket in order for the court's order to be valid. Oney v. Allen (1998), 39 Ohio St.3d 103, 107. I reaffirm here my above dissent to the remand of this action to the trial court.